## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALEKSANDRA NADOLSKI,<br><br>　　　　　　　　Plaintiff,<br><br>　　-against-<br><br>YOUNG MEN'S CHRISTIAN ASSOCIATION ("YMCA") OF GREATER NEW YORK; YMCA; YMCA HOLDINGS LLC and Individually and Jointly, LUCRIA ORTIZ,<br><br>　　　　　　　　Defendants. | Civil Action No.  17-cv-2055<br>　　　　(ECF Case)<br><br><br>**COMPLAINT**<br><br><br>**JURY TRIAL DEMANDED** |

### NATURE OF THE ACTION

1.　　　This is an employment case about Defendant employers Young Men's Christian Association ("YMCA") Of Greater New York, YMCA, and YMCA Holdings LLC, and their supervisors, including, but not limited to, Defendant Lucria Ortiz, harassing, discriminating against and retaliating against Plaintiff employee, Aleksandra Nadolski, because of the employee's disability, requests for accommodations, medical leave(s) and legally protected complaints. Defendants' unlawful abuse included, but was not limited to, encouraging Plaintiff to quit her job due to her medical conditions; giving Plaintiff a questionable performance review after Plaintiff's medical leave(s) and legally protected complaints; upon information and belief, locking Plaintiff out of her work computer during her medical leave; and terminating Plaintiff's employment.

2.　　　These claims are brought pursuant to the American with Disabilities Act, 42 U.S.C. § 12101, *et seq.* ("ADA"); Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section(s) 2000e *et seq.*, as amended ("Title VII"); the New York State Human Rights Law, N.Y. Exec.

Law § 290, *et seq.* ("NYSHRL"); and the New York City Human Rights Law, N.Y.C. Admin. Code § 8-101, *et seq*. (NYCHRL"). Plaintiff's claims also include unlawful interference with the exercise of Plaintiff's rights under the Family and Medical Leave Act, 29 U.S.C. § 2601 *et seq.* ("FMLA"); discrimination against Plaintiff for exercising Plaintiff's FMLA rights; and retaliation for exercising Plaintiff's FMLA rights in violation of the FMLA.

3.      These claims are brought against Plaintiff's former employers Young Men's Christian Association ("YMCA") Of Greater New York; YMCA; and YMCA Holdings LLC (collectively, "Defendant Companies") and Lucria Ortiz (hereinafter, "Defendant Ortiz) (collectively, "Defendants").

## **PARTIES**

4.      Plaintiff, Aleksandra Nadolski, is a natural person who resided in New York County, New York at all times relevant to this lawsuit.

5.      Defendant Young Men's Christian Association Of Greater New York is a domestic business entity.

6.      Upon information and belief, Defendant YMCA is a limited liability corporation that is duly authorized to conduct business within the state of New York.

7.      Upon information and belief, Defendant YMCA Holdings LLC is a limited liability corporation that is duly authorized to conduct business within the state of New York.

8.      At all times relevant to this lawsuit, Defendant Companies maintained an office at 5 West 63rd Street, New York, N.Y. 10023 (hereinafter, Defendants' "Manhattan office").

9.      At all times relevant to this lawsuit, Plaintiff worked in Defendants' Manhattan Office.

10.     At all times relevant to this lawsuit, Defendant Companies employed more than 50 individuals.

## JURISDICTION AND VENUE

11.     This Court has jurisdiction over the federal claims asserted herein in that they arise out of the laws of the United States.  *See* 28 U.S.C. § 1331 and 29 U.S.C. § 2617.

12.     This Court has jurisdiction over Plaintiff's FMLA claims pursuant to 29 U.S.C. § 2617(a)(2) [Right To Bring Action in Federal or State Court].

13.     This Court has supplemental jurisdiction over the New York State and New York City law claims pursuant to 28 U.S.C. § 1367.

14.     Venue lies in the Southern District of New York pursuant to 28 U.S.C. § 1391 in that a substantial part of the events or omissions giving rise to Plaintiff's claims occurred within this judicial district.

15.     On or around April 28, 2016, Plaintiff filed charges of discrimination and retaliation (the "Charges") with the United States Equal Employment Opportunity Commission ("EEOC"), which was dually filed with the New York Human Rights Division.

16.     Upon request, Plaintiff received a Notice of Right to Sue Letter, dated December 28, 2016.

17.     This action is being brought within 90 days of Plaintiff's receipt of the said Notice of Right to Sue Letter.

18.     Plaintiff has satisfied all of the statutory prerequisites to filing this action with this Court.

## RELEVANT FACTS

19.     Defendant Companies hired Plaintiff, Aleksandra Nadolski, in April, 2011.

20.     Defendant Companies hired Ms. Nadolski to work as a Communications and Special Events Manager.

21.     When hired, Ms. Nadolski's annual salary was approximately $47,000.

22.     Ms. Nadolski maintained a good work performance record.

23.     Ms. Nadolski received raises commensurate with her positive work performance.

24.     In May, 2015, Defendant Companies promoted Ms. Nadolski to Director of Communications and Special Events.

25.     Ms. Nadolski also received an annual salary of approximately $60,000.

26.     On or around September, 2015, Defendant Ortiz became one of Ms. Nadolski's supervisors.

27.     On or around Friday, November 13, 2015, Ms. Nadolski began experiencing severe pelvic pain.

28.     Ms. Nadolski's severe pain lasted throughout the weekend.

29.     On or around, Sunday evening November 15, 2015/early morning on Monday, November 16, 2015, before Ms. Nadolski's scheduled work shift, Ms. Nadolski notified Defendant Ortiz that she would not be able to come to work because she was in severe pain and was barely able to move.

30.     Ms. Nadolski also notified Defendant Ortiz that she was either going to the doctor or to the hospital.

31.     On that same Monday (i.e., on or around November 16, 2015), Ms. Nadolski saw Ob/Gyn Paula A. Randolph.

32.     Dr. Randolph told Ms. Nadolski that if the pain is so severe, Ms. Nadolski should go to the hospital.

33.     Ms. Nadolski hoped that the severe pain would subside, but it did not.

34.     On or around November 17, 2015, Ms. Nadolski was hospitalized.

35.     Ms. Nadolski was hospitalized for severe pelvic pain.

36.     Ms. Nadolski notified Defendant Ortiz that she was hospitalized.

37.     Ms. Nadolski also told Defendant Ortiz that she would need the accommodation of time off from work due to her medical condition.

38.     Ms. Nadolski further notified Defendant Ortiz after she was released from the hospital in the evening of November 17, 2015.

39.     Ms. Nadolski returned to work on or around November 20, 2015.

40.     On or around January 4-5, 2016, Ms. Nadolski began experiencing severe pelvic pain again.

41.     Ms. Nadolski notified Defendant Ortiz before Ms. Nadolski's scheduled work shift that she would not be able to work because of severe pelvic pain.

42.     Ms. Nadolski went on an approved medical leave.

43.     Ms. Nadolski updated Defendant Ortiz regarding her medical/health status throughout her medical leave.

44.     Ms. Nadolski returned to work on or around January 6, 2016.

45.     Ms. Nadolski saw doctors in an attempt to resolve her medical condition.

46.     On or around mid-January, 2016, Ms. Nadolski saw pelvic pain specialist, Moushumi Datta.

47.     Ms. Nadolski also had follow-up appointments with Dr. Datta in January, February and March, 2016.

48.     Ms. Nadolski also saw other medical/health professionals.

49.     As often as possible, Ms. Nadolski scheduled her medical appointments for after work hours, to not interfere with her work schedule.

50.     When it was not possible to schedule some appointments for after work hours, Ms. Nadolski notified Defendant Ortiz of her appointments in advance.

51.     Ms. Nadolski also promptly returned to work after her appointments were over to complete her work day whenever practicable.

52.     On February 17, 2016, Julie Gallanty, notified Ms. Nadolski that "Starting Immediately" all vacation time needed to be requested at least 2 weeks in advance.

53.     At that time (i.e., on or around February, 2016), Julie Gallanty was one of Defendant Companies' Executive Directors.

54.     On February 21, 2016, Defendant Ortiz also told Ms. Nadolski and 2 other employees to notify the employer regarding any sick time as far in advance as possible, and told them to "Remember that sick time must be used for all health-related appointments."

55.     Upon information and belief, the other 2 employees had also taken time off from work for medical/health reasons at any time during their employment.

56.     Upon information and belief, Defendants were aware that the other 2 employees had some type of medical/health issues.

57.     Upon information and belief, Defendants were aware that the other 2 employees had made appointment(s) with medical/health professionals.

58.     On or around February 15, 2016, Ms. Nadolski was diagnosed with Adenomyosis.

59.     Adenomyosis is a chronic disease that causes Ms. Nadolski to have severe, labor intensive pelvic pain.

60.     This severe pain interferes with Ms. Nadolski's daily life activities, including, but not limited to, walking, sleeping and procreating.

61.     Adenomyosis is a condition of the uterus (womb) where the cells that normally form a lining on the inside of the uterus also grow in the muscle wall of the uterus.

62.     Upon information and belief, Adenomyosis occurs in women only.

63.     On or around February 22, 2016, Ms. Nadolski notified Defendant Ortiz of her diagnosis.

64.     Ms. Nadolski also notified Defendant Ortiz that her doctors were still trying to determine whether or not Ms. Nadolski would need surgery.

65.     Defendant Ortiz responded that **"in the past she has let go of a job because she had a surgery."**

66.     Upon information and belief, Defendant Ortiz was referring to a previous surgery that she had on her hip.

67.     Defendant Ortiz also responded that she **let go of the job because "it was not fair to the job."**

68.     Ms. Nadolski told Defendant Ortiz that she could not financially afford to not work.

69.     Ms. Nadolski further responded that she was ready, willing and able to work, she just needed reasonable accommodation(s) for her medical condition.

70.     On or around the end of February, 2016, Ms. Nadolski notified Defendant Ortiz that Ms. Nadolski planned to forward a written request to HR for sick time off from work, as needed, pursuant to federal and state Laws, including, but not limited to the FMLA and the ADA.

71.    On or around March 4, 2016, after Ms. Nadolski notified Defendant Ortiz of her planned request for a medical accommodation, Ms. Nadolski received a written performance evaluation for the 2015 work year.

72.    Overall, the evaluation rated Ms. Nadolski's work performance as "meets standards."

73.    However, Ms. Nadolski's previous performance evaluations had rated her work performance far more highly.

74.    Ms. Nadolski's 2014 review rated her work performance as "Distinguished."

75.    Ms. Nadolski's 2014 review also rated her work performance as "Consistently Exceeds Position Requirements."

76.    In 2015, irrespective of her medical challenges, Ms. Nadolski met Defendant Companies' annual fund raising goal.

77.    Upon information and belief, Defendant Companies' annual fund raising goal for 2015 was over half a million dollars.

78.    Ms. Nadolski achieved this goal.

79.    Ms. Nadolski achieved this goal, even though 2 of Defendant Companies' highest fundraisers, out of the total 3-5 members of the team who raised funds for Defendant Companies, left their jobs.

80.    Those 2 former employees were Wendy Sloan and Eileen O'Conner.

81.    Wendy Sloan was Senior Director of Communications, Fund Development and Membership.

82.    Eileen O'Conner was Executive Director.

83.    Another member of the fund-raising team, Grace Rochford, also left the company.

84.     Grace Rochford was one of Defendant Companies' Community Engagement Associates.

85.     Ms. Nadolski complained about Defendants' unlawful treatment.

86.     On or around Friday, March 4, 2016, Ms. Nadolski told Defendant Ortiz that she did not agree with the questionable performance review.

87.     Ms. Nadolski complained that the questionable review was given because of Ms. Nadolski's medical condition.

88.     Ms. Nadolski further complained that the questionable review was given because of Ms. Nadolski's medical leave(s) from work.

89.     Ms. Nadolski also told Defendant Ortiz that the performance review contained several factual inaccuracies, did not describe Ms. Nadolski's significant work accomplishments, and that it was a significant downgrade from Ms. Nadolski's previous performance reviews.

90.     Defendant Ortiz told Ms. Nadolski to sign the performance review.

91.     Ms. Nadolski stated that she could not sign the review at that time.

92.     The highly questionable performance review so deeply hurt and disappointed Ms. Nadolski that it stressed Ms. Nadolski's body and she was physically shaking.

93.     Ms. Nadolski was in Defendant Ortiz's office at that time.

94.     Defendant Ortiz witnessed the physical manifestations of Ms. Nadolski's severe physical and emotional stress.

95.     In light of her physical and medical condition, Ms. Nadolski notified Defendant Ortiz that she needed to leave the office.

96.     At that time, it was late Friday afternoon.

97.     During that weekend, Ms. Nadolski suffered severe pelvic pain again.

98.    On Monday, March 7, 2016, Ms. Nadolski notified Defendant Ortiz, in advance of her scheduled work shift, that she would not be able to work because she was in severe pelvic pain.

99.    Later that same Monday, March 7th, Ms. Nadolski discovered that she had been locked out of her work computer.

100.    When Ms. Nadolski returned to work on Tuesday morning, March 8th, Defendant Ortiz called Ms. Nadolski into Defendant Ortiz's office.

101.    Maria Rocha was also present in Defendant Ortiz' office.

102.    At that time (i.e., on or around March, 2016), Maria Rocha was Defendant Companies' Business Manager.

103.    Defendant Ortiz told Ms. Nadolski that she considered her not signing the performance review as a resignation.

104.    Ms. Nadolski told Defendant Ortiz that she did not quit her job.

105.    Ms. Nadolski reminded Defendant Ortiz that she just needed to leave the office on that Friday afternoon due to her severe physical/medical condition.

106.    Defendant Ortiz told Ms. Nadolski to go home.

107.    Defendant Ortiz told Ms. Nadolski that Defendants would contact Ms. Nadolski at some point regarding the status of her employment.

108.    Ms. Nadolski again complained about Defendants' unlawful discrimination, harassment and retaliation.

109.    Defendants' unlawful abuse caused Ms. Nadolski significant physical, medical and emotional harm, and continues to do so.

110.    On or around March 17, 2016, Ms. Nadolski again complained to Defendants via a letter from Ms. Nadolski's attorney (hereinafter, the "Attorney Demand Letter").

111.    Within a few days of Defendants' receipt of the Attorney Demand Letter, Defendants terminated Ms. Nadolski's employment.

## AS FOR THE FIRST CAUSE OF ACTION
## FOR DISCRIMINATION UNDER THE ADA
(Against Defendant Companies only)

112.    Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

113.    This claim is authorized and instituted pursuant to the provisions of the American with Disabilities Act, 42 U.S.C. § 12101, *et seq.* ("ADA"), for relief based upon the unlawful employment practices of the above-named Defendants.

114.    Defendant Companies is an employer within the meaning of the ADA.

115.    At all relevant times, Plaintiff was disabled, regarded as disabled and/or had a record of a disability within the meaning of the ADA.

116.    Defendants were aware of Plaintiff's disabilities.

117.    Defendants regarded Plaintiff as disabled.

118.    At all relevant times, Plaintiff was able to perform the essential functions of Plaintiff's position with or without an accommodation.

119.    Plaintiff requested reasonable accommodations from Defendants.

120.    Defendants engaged in unlawful employment practices prohibited by the ADA with misconduct including, but not limited to, encouraging Plaintiff to quit her job dur to her medical conditions; giving Plaintiff a questionable performance review after Plaintiff's medical

leave(s) and legally protected complaints; locking Plaintiff out of her work computer during her medical leave; and terminating Plaintiff's employment.

121.    Each and every Defendant contributed to the discrimination, was aware of the discrimination, did nothing to resolve the discrimination and/or was complicit in the unlawful misconduct.

122.    Defendants' discrimination was intentional, intended to harm Plaintiff, and was done with malice or reckless indifference to Plaintiff's federally protected rights.

123.    As a direct and proximate result of Defendants' unlawful and willful conduct, Plaintiff has suffered and will continue to suffer the loss of income, the loss of a salary, bonuses, benefits and other compensation which such employment entails, and Plaintiff has also suffered future pecuniary losses, attorneys' fees and costs, emotional pain, and other non-pecuniary losses. Plaintiff has further experienced severe emotional distress.

124.    As a further direct and proximate result of Defendants' unlawful and willful conduct, Plaintiff has suffered and will continue to suffer, among other items, impairment and damage to her good name and reputation, emotional distress, mental anguish, emotional pain, and lasting embarrassment and humiliation.

125.    As Defendants' conduct has been willful, reckless, outrageous, intentional and/or malicious, Plaintiff also demands punitive damages in an amount which exceeds the Jurisdictional limits of all Lower Courts.

126.    Plaintiff is entitled to recover monetary damages and other damages and relief, including, but not limited to back pay, front pay, punitive damages, reasonable attorney's fees and compensatory damages from Defendants under the ADA.

**AS FOR THE SECOND CAUSE OF ACTION**
**FOR RETALIATION UNDER THE ADA**
(Against Defendant Companies only)

127.    Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

128.    This claim is authorized and instituted pursuant to the provisions of the American with Disabilities Act, 42 U.S.C. § 12101, *et seq.* ("ADA"), for relief based upon the unlawful employment practices of the above-named Defendants.

129.    Defendants engaged in unlawful employment practices prohibited by the ADA.

130.    Plaintiff complained about Defendants' unlawful conduct.

131.    Defendants retaliated against Plaintiff's legally protected complaints with misconduct including, but not limited to, encouraging Plaintiff to quit her job dur to her medical conditions; giving Plaintiff a questionable performance review after Plaintiff's medical leave(s) and legally protected complaints; locking Plaintiff out of her work computer during her medical leave; and terminating Plaintiff's employment.

132.    Each and every Defendant contributed to the discrimination/retaliation, was aware of the discrimination/retaliation, did nothing to resolve the discrimination/retaliation and/or was complicit in the unlawful misconduct.

133.    Defendants' discrimination/retaliation was intentional, intended to harm Plaintiff, and was done with malice or reckless indifference to Plaintiff's federally protected rights.

134.    As a direct and proximate result of Defendants' unlawful and willful conduct, Plaintiff has suffered and will continue to suffer the loss of income, the loss of a salary, bonuses, benefits and other compensation which such employment entails, and Plaintiff has also suffered future pecuniary losses, attorneys' fees and costs, emotional pain, and other non-pecuniary losses. Plaintiff has further experienced severe emotional distress.

13

135.   As a further direct and proximate result of Defendants' unlawful and willful conduct, Plaintiff has suffered and will continue to suffer, among other items, impairment and damage to her good name and reputation, emotional distress, mental anguish, emotional pain, and lasting embarrassment and humiliation.

136.   As Defendants' conduct has been willful, reckless, outrageous, intentional and/or malicious, Plaintiff also demands punitive damages in an amount which exceeds the Jurisdictional limits of all Lower Courts.

137.   Plaintiff is entitled to recover monetary damages and other damages and relief, including, but not limited to back pay, front pay, punitive damages, reasonable attorney's fees and compensatory damages from Defendants under the ADA.

**AS FOR THE THIRD CAUSE OF ACTION**
**<u>FOR FMLA INTERFERENCE</u>**

138.   Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

139.   This Count is brought under the FMLA, 29 U.S.C. § 2601 et seq., including, but not limited to 29 U.S.C. §§ 2612(a), 2614(a) and 2615(a) ("FMLA"), and reference is made to the FMLA in its entirety.

140.   At all relevant times, Defendant Companies were and are employers within the meaning of the FMLA.

141.   At all relevant times, Defendant Ortiz was involved in the supervision and/or control of workplace conditions, and had the power to carry out personnel decisions and/or to do more than carry out personnel decisions made by others, including the power to hire and fire

employees, including Plaintiff, sufficient to be held individually liable for all damages as an "employer" under the FMLA.

142.    At all relevant times herein, Plaintiff was an employee under the FMLA.

143.    At all relevant times herein, Plaintiff was eligible to receive FMLA benefits from Defendants.

144.    At all relevant times herein, Plaintiff was qualified for Plaintiff's position with Defendants.

145.    At all relevant times herein, Plaintiff exercised Plaintiff's rights protected under the FMLA.

146.    Defendants interfered with, restrained and denied Plaintiff rights under the FMLA with behaviors including, but not limited to, encouraging Plaintiff to quit her job due to her medical conditions; giving Plaintiff a questionable performance review after Plaintiff's medical leave(s) and legally protected complaints; locking Plaintiff out of her work computer during her medical leave; and terminating Plaintiff's employment.

147.    As a direct and proximate result of Defendants' unlawful and willful conduct, Plaintiff has suffered and continues to suffer injury, with resulting monetary, economic and other damages, including without limitation: (i) lost wages; (ii) lost back pay; (iii) lost benefits; (iv) lost interest; and (v) lost pension and retirement earnings.

148.    As a further direct and proximate result of each Defendant's unlawful and willful conduct, Plaintiff has suffered and continues to suffer, among other items, impairment and damage to Plaintiff's good name and reputation, emotional distress, mental anguish, emotional pain and emotional suffering, and lasting embarrassment and humiliation.

149.     Plaintiff is entitled to recover monetary damages and other damages and relief, including liquidated damages pursuant to 29 U.S.C. 2617(a)(1)(A)(iii) and compensatory damages from Defendants under the FMLA.

## AS FOR THE FORTH CAUSE OF ACTION
## FOR FMLA DISCRIMINATION

150.     Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

151.     This Count is brought under the FMLA, 29 U.S.C. § 2601 et seq., including, but not limited to 29 U.S.C. §§ 2612(a), 2614(a) and 2615(a) ("FMLA"), and reference is made to the FMLA in its entirety.

152.     Defendants interfered with, restrained and denied Plaintiff rights under the FMLA with behaviors including, but not limited to, encouraging Plaintiff to quit her job due to her medical conditions; giving Plaintiff a questionable performance review after Plaintiff's medical leave(s) and legally protected complaints; locking Plaintiff out of her work computer during her medical leave; and terminating Plaintiff's employment.

153.     As a direct and proximate result of Defendants' unlawful and willful conduct, Plaintiff has suffered and continues to suffer injury, with resulting monetary, economic and other damages, including without limitation: (i) lost wages; (ii) lost back pay; (iii) lost benefits; (iv) lost interest; and (v) lost pension and retirement earnings.

154.     As a further direct and proximate result of each Defendant's unlawful and willful conduct, Plaintiff has suffered and continues to suffer, among other items, impairment and

damage to Plaintiff's good name and reputation, emotional distress, mental anguish, emotional pain and emotional suffering, and lasting embarrassment and humiliation.

155.    Plaintiff is entitled to recover monetary damages and other damages and relief, including liquidated damages pursuant to 29 U.S.C. 2617(a)(1)(A)(iii) and compensatory damages from Defendants under the FMLA.

### AS FOR THE FIFTH CAUSE OF ACTION
### FOR FMLA RETALIATION

156.    Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

157.    This Count is brought under the FMLA, 29 U.S.C. § 2601 et seq., including, but not limited to 29 U.S.C. §§ 2612(a), 2614(a) and 2615(a) ("FMLA"), and reference is made to the FMLA in its entirety.

158.    Defendants' misconduct violated the FMLA.

159.    Plaintiff complained about Defendants' FMLA violation.

160.    Defendants retaliated against Plaintiff for exercising rights under the FMLA and for Plaintiff's complaints with behaviors including, but not limited to, encouraging Plaintiff to quit her job due to her medical conditions; giving Plaintiff a questionable performance review after Plaintiff's medical leave(s) and legally protected complaints; locking Plaintiff out of her work computer during her medical leave; and terminating Plaintiff's employment.

161.    As a direct and proximate result of Defendants' unlawful and willful conduct, Plaintiff has suffered and continues to suffer injury, with resulting monetary, economic and other

damages, including without limitation: (i) lost wages; (ii) lost back pay; (iii) lost benefits; (iv) lost interest; and (v) lost pension and retirement earnings.

162.    As a further direct and proximate result of each Defendant's unlawful and willful conduct, Plaintiff has suffered and continues to suffer, among other items, impairment and damage to Plaintiff's good name and reputation, emotional distress, mental anguish, emotional pain and emotional suffering, and lasting embarrassment and humiliation.

163.    Plaintiff is entitled to recover monetary damages and other damages and relief, including liquidated damages pursuant to 29 U.S.C. 2617(a)(1)(A)(iii) and compensatory damages from Defendants under the FMLA.

## AS FOR THE SIXTH CAUSE OF ACTION
## FOR SEX/GENDER DISCRIMINATION UNDER TITLE VII
(Against Defendant Companies only)

164.    Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

165.    This claim is authorized and instituted pursuant to the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section(s) 2000e et seq., for relief based upon the unlawful employment practices of the above-named Defendants.

166.    During all times material, Defendant Companies were and are employers within the meaning of Title VII.

167.    At all times material, Plaintiff was an employee and an individual within the meaning of Title VII.

168.    At all relevant times, Plaintiff was and is a woman and a member of protected classes within the meaning of Title VII.

169.    At all relevant times, Defendants were aware of Plaintiff's sex and gender.

170.    Defendants engaged in unlawful employment practices prohibited by Title VII with behaviors including, but not limited to, encouraging Plaintiff to quit her job due to her medical conditions; giving Plaintiff a questionable performance review after Plaintiff's medical leave(s) and legally protected complaints; locking Plaintiff out of her work computer during her medical leave; and terminating Plaintiff's employment.

171.    Upon information and belief, at all relevant times, Defendants were aware of and/or condoned and/or participated in the harassment and abuse against Plaintiff.

172.    Defendants' misconduct was so severe or pervasive that a reasonable person in Plaintiff's position would find that Plaintiff's work environment was intimidating, hostile or abusive.

173.    Plaintiff reasonably believed that Plaintiff's work environment that was intimidating, hostile or abusive as a result of Defendants' conduct.

174.    Upon information and belief, each and every Defendant contributed to the harassment, hostile work environment and retaliation, was aware of the harassment, hostile work environment and retaliation against Plaintiff and did nothing to resolve it and/or was complicit in the misconduct.

175.    Upon information and belief, Defendants' discrimination and harassment was intentional, intended to harm Plaintiff, and was done with malice or reckless indifference to Plaintiff's federally protected rights.

176.    As a direct and proximate result of Defendants' unlawful and willful conduct, Plaintiff has suffered and will continue to suffer the loss of income, the loss of a salary, bonuses, benefits and other compensation which such employment entails, and Plaintiff has also suffered

future pecuniary losses, attorneys' fees and costs, emotional pain, emotional suffering, and other non-pecuniary losses. Plaintiff has further experienced severe emotional distress.

177.    As a further direct and proximate result of Defendants' unlawful and willful conduct, Plaintiff has suffered and will continue to suffer, among other items, impairment and damage to Plaintiff's good name and reputation, emotional distress, mental anguish, emotional pain, emotional suffering, inconvenience, and lasting embarrassment and humiliation.

178.    As Defendants' conduct has been willful, reckless, outrageous, intentional and/or malicious, Plaintiff also demands punitive damages in an amount which exceeds the Jurisdictional limits of all Lower Courts.

179.    Plaintiff's damages include financial loss, loss of employment and employment benefits, damage to Plaintiff's career and professional reputation, and severe emotional distress caused by the degrading conduct and loss of employment.

180.    Plaintiff is entitled to recover monetary damages and other damages and relief, including, but not limited to lost wages, punitive damages, reasonable attorney's fees and compensatory damages from Defendant Companies under Title VII.


### AS FOR THE SEVENTH CAUSE OF ACTION
### FOR SEX/GENDER RETALIATION UNDER TITLE VII
(Against Defendant Companies only)

181.    Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

182.    This claim is authorized and instituted pursuant to the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section(s) 2000e et seq., for relief based upon the unlawful employment practices of the above-named Defendant.

183.     Defendants discriminated against Plaintiff in violation of Title VII.

184.     Plaintiff complained about Defendants' discrimination and harassment.

185.     In response to Plaintiff's lawful complaints, Defendants retaliated against Plaintiff with misconduct, including, but not limited to, encouraging Plaintiff to quit her job due to her medical conditions; giving Plaintiff a questionable performance review after Plaintiff's medical leave(s) and legally protected complaints; locking Plaintiff out of her work computer during her medical leave; and terminating Plaintiff's employment.

186.     Upon information and belief, each and every Defendant contributed to the harassment, hostile work environment and retaliation, was aware of the harassment, hostile work environment and retaliation against Plaintiff and did nothing to resolve it and/or was complicit in the misconduct.

187.     Upon information and belief, Defendants' discrimination and harassment was intentional, intended to harm Plaintiff, and was done with malice or reckless indifference to Plaintiff's federally protected rights.

188.     As a direct and proximate result of Defendants' unlawful and willful conduct, Plaintiff has suffered and will continue to suffer the loss of income, the loss of a salary, bonuses, benefits and other compensation which such employment entails, and Plaintiff has also suffered future pecuniary losses, attorneys' fees and costs, emotional pain, emotional suffering, and other non-pecuniary losses. Plaintiff has further experienced severe emotional distress.

189.     As a further direct and proximate result of Defendants' unlawful and willful conduct, Plaintiff has suffered and will continue to suffer, among other items, impairment and damage to Plaintiff's good name and reputation, emotional distress, mental anguish, emotional pain, emotional suffering, inconvenience, and lasting embarrassment and humiliation.

190.     As Defendants' conduct has been willful, reckless, outrageous, intentional and/or malicious, Plaintiff also demands punitive damages in an amount which exceeds the Jurisdictional limits of all Lower Courts.

191.     Plaintiff's damages include financial loss, loss of employment and employment benefits, damage to Plaintiff's career and professional reputation, and severe emotional distress caused by the degrading conduct and loss of employment.

192.     Plaintiff is entitled to recover monetary damages and other damages and relief, including, but not limited to lost wages, punitive damages, reasonable attorney's fees and compensatory damages from Defendant Companies under Title VII.

## AS FOR THE EIGHTH CAUSE OF ACTION
## FOR DISABILITY DISCRIMINATION UNDER THE STATE LAW

193.     Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

194.     This Count is brought under the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. L. § 290 et seq., and reference is made to the NYSHRL in its entirety.

195.     At all times relevant to this lawsuit, Defendant Companies was and is an employer within the meaning of the NYSHRL.

196.     At all relevant times, Defendant Ortiz was involved in the supervision and/or control of workplace conditions, and had the power to carry out personnel decisions and/or to do more than carry out personnel decisions made by others, including the power to hire and fire employees, including Plaintiff, sufficient to be held individually liable for all damages as an "employer" under the NYSHRL.

197.    At all relevant times, Plaintiff was and is a person and employee within the meaning of the NYSHRL.

198.    At all relevant times, Plaintiff was disabled, regarded as disabled and/or had a record of a disability from within the meaning of the NYSHRL.

199.    At all relevant times, Defendants were aware of Plaintiff's disabilities.

200.    Defendants regarded Plaintiff as disabled.

201.    Defendants engaged in unlawful employment practices prohibited by the NYSHRL with misconduct including, but not limited to, encouraging Plaintiff to quit her job due to her medical conditions; giving Plaintiff a questionable performance review after Plaintiff's medical leave(s) and legally protected complaints; locking Plaintiff out of her work computer during her medical leave; and terminating Plaintiff's employment.

202.    Upon information and belief, each and every Defendant contributed to the discrimination, was aware of the discrimination, did nothing to resolve the discrimination and/or was complicit in the misconduct.

203.    Defendants' unlawful employment practices negatively affected Plaintiff's terms and conditions of employment.

204.    Defendants' conduct, as alleged herein, constitutes unlawful discriminatory practices and unlawful discrimination on the basis of disability and reasonable accommodation requests, as defined by the NYSHRL, by engaging in, causing, perpetrating, committing, authorizing, directing, participating in, aiding, abetting, inciting, compelling and/or coercing the unlawful conduct alleged herein, or attempting to do so, in violation of the NYSHRL.

205.    Defendants are individually and jointly liable for the unlawful conduct herein, including without limitation as an "employer" under the NYSHRL and under the "aiding and abetting" provision of the NYSHRL. See, e,g., NYSHRL § 296(1) and § 296(6).

206.    Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of Executive Law Section 296.

207.    Plaintiff's damages include financial loss, loss of employment and employment benefits, damage to their career and professional reputation, and severe emotional distress caused by the degrading conduct and loss of employment.

208.    Plaintiff is entitled to recover monetary damages and other damages and relief, including, but not limited to back pay, front pay, and compensatory damages from Defendants under the NYSHRL.

## AS FOR THE NINTH CAUSE OF ACTION
## FOR DISABILITY RETALIATION UNDER THE STATE LAW

209.    Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

210.    This Count is brought under the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. L. § 290 et seq., and reference is made to the NYSHRL in its entirety.

211.    Defendants engaged in unlawful employment practices prohibited by the NYSHRL.

212.    Plaintiff complained about Defendants' unlawful misconduct.

213.    Defendants retaliated against Plaintiff's legally protected complaints with misconduct including, but not limited to, encouraging Plaintiff to quit her job due to her medical conditions; giving Plaintiff a questionable performance review after Plaintiff's medical leave(s)

and legally protected complaints; locking Plaintiff out of her work computer during her medical leave; and terminating Plaintiff's employment.

214.     Upon information and belief, each and every Defendant contributed to the discrimination/retaliation, was aware of the discrimination/retaliation, did nothing to resolve the discrimination/retaliation and/or was complicit in the misconduct.

215.     Defendants' unlawful employment practices negatively affected Plaintiff's terms and conditions of employment.

216.     Defendants' conduct, as alleged herein, constitutes unlawful discriminatory practices and unlawful discrimination on the basis of disability and reasonable accommodation requests, as defined by the NYSHRL, by engaging in, causing, perpetrating, committing, authorizing, directing, participating in, aiding, abetting, inciting, compelling and/or coercing the unlawful conduct alleged herein, or attempting to do so, in violation of the NYSHRL.

217.     Defendants are individually and jointly liable for the unlawful conduct herein, including without limitation as an "employer" under the NYSHRL and under the "aiding and abetting" provision of the NYSHRL. See, e,g., NYSHRL § 296(1) and § 296(6).

218.     Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of Executive Law Section 296.

219.     Plaintiff's damages include financial loss, loss of employment and employment benefits, damage to their career and professional reputation, and severe emotional distress caused by the degrading conduct and loss of employment.

220.     Plaintiff is entitled to recover monetary damages and other damages and relief, including, but not limited to back pay, front pay, and compensatory damages from Defendants under the NYSHRL.

## AS FOR THE TENTH CAUSE OF ACTION
## FOR SEX/GENDER DISCRIMINATION UNDER THE STATE LAW

221.    Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

222.    This Count is brought under the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. L. § 290 et seq., and reference is made to the NYSHRL in its entirety.

223.    Defendants engaged in unlawful employment practices prohibited by the NYSHRL with misconduct including, but not limited to, encouraging Plaintiff to quit her job due to her medical conditions; giving Plaintiff a questionable performance review after Plaintiff's medical leave(s) and legally protected complaints; locking Plaintiff out of her work computer during her medical leave; and terminating Plaintiff's employment.

224.    Upon information and belief, each and every Defendant contributed to the discrimination, was aware of the discrimination, did nothing to resolve the discrimination and/or was complicit in the misconduct.

225.    Defendants' unlawful employment practices negatively affected Plaintiff's terms and conditions of employment.

226.    Defendants' conduct, as alleged herein, constitutes unlawful discriminatory practices and unlawful discrimination on the basis of disability and reasonable accommodation requests, as defined by the NYSHRL, by engaging in, causing, perpetrating, committing, authorizing, directing, participating in, aiding, abetting, inciting, compelling and/or coercing the unlawful conduct alleged herein, or attempting to do so, in violation of the NYSHRL.

227.    Defendants are individually and jointly liable for the unlawful conduct herein, including without limitation as an "employer" under the NYSHRL and under the "aiding and abetting" provision of the NYSHRL. See, e,g., NYSHRL § 296(1) and § 296(6).

228.    Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of Executive Law Section 296.

229.    Plaintiff's damages include financial loss, loss of employment and employment benefits, damage to their career and professional reputation, and severe emotional distress caused by the degrading conduct and loss of employment.

230.    Plaintiff is entitled to recover monetary damages and other damages and relief, including, but not limited to back pay, front pay, and compensatory damages from Defendants under the NYSHRL.

## AS FOR THE ELEVENTH CAUSE OF ACTION
## FOR SEX/GENDER RETALIATION UNDER THE STATE LAW

231.    Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

232.    This Count is brought under the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. L. § 290 et seq., and reference is made to the NYSHRL in its entirety.

233.    Defendants engaged in unlawful employment practices prohibited by the NYSHRL.

234.    Plaintiff complained about Defendants' unlawful misconduct.

235.    Defendants retaliated against Plaintiff's legally protected complaints with misconduct including, but not limited to, encouraging Plaintiff to quit her job due to her medical conditions; giving Plaintiff a questionable performance review after Plaintiff's medical leave(s) and legally protected complaints; locking Plaintiff out of her work computer during her medical leave; and terminating Plaintiff's employment.

236. Upon information and belief, each and every Defendant contributed to the discrimination/retaliation, was aware of the discrimination/retaliation, did nothing to resolve the discrimination/retaliation and/or was complicit in the misconduct.

237. Defendants' unlawful employment practices negatively affected Plaintiff's terms and conditions of employment.

238. Defendants' conduct, as alleged herein, constitutes unlawful discriminatory practices and unlawful discrimination on the basis of disability and reasonable accommodation requests, as defined by the NYSHRL, by engaging in, causing, perpetrating, committing, authorizing, directing, participating in, aiding, abetting, inciting, compelling and/or coercing the unlawful conduct alleged herein, or attempting to do so, in violation of the NYSHRL.

239. Defendants are individually and jointly liable for the unlawful conduct herein, including without limitation as an "employer" under the NYSHRL and under the "aiding and abetting" provision of the NYSHRL. See, e,g., NYSHRL § 296(1) and § 296(6).

240. Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of Executive Law Section 296.

241. Plaintiff's damages include financial loss, loss of employment and employment benefits, damage to their career and professional reputation, and severe emotional distress caused by the degrading conduct and loss of employment.

242. Plaintiff is entitled to recover monetary damages and other damages and relief, including, but not limited to back pay, front pay, and compensatory damages from Defendants under the NYSHRL.

## AS FOR THE TWELFTH CAUSE OF ACTION
## FOR DISABILITY DISCRIMINATION UNDER THE CITY LAW

243.    Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

244.    This Count is brought under the NYCHRL, N.Y.C. Admin. Code § 8-101 et seq., and reference is made to the NYCHRL in its entirety.

245.    At all times relevant to this lawsuit, Defendant Companies was and is an employer within the meaning of the NYCHRL.

246.    At all relevant times, Defendant Ortiz was involved in the supervision and/or control of workplace conditions, and had the power to carry out personnel decisions and/or to do more than carry out personnel decisions made by others, including the power to hire and fire employees, including Plaintiff, sufficient to be held individually liable for all damages as an "employer" under the NYCHRL.

247.    At all relevant times herein, Plaintiff was and is a person within the meaning of the NYCHRL.

248.    At all relevant times, Plaintiff was and is a person with a disability within the meaning of the NYCHRL.

249.    At all relevant times, Plaintiff requested reasonable accommodations within the meaning of the NYCHRL.

250.    Defendants engaged in unlawful employment practices prohibited by the NYCHRL with misconduct including, but not limited to, encouraging Plaintiff to quit her job due to her medical conditions; giving Plaintiff a questionable performance review after Plaintiff's medical leave(s) and legally protected complaints; locking Plaintiff out of her work computer during her medical leave; and terminating Plaintiff's employment.

251.     Defendants engaged in, caused, perpetrated, committed, authorized, directed, participated in, aided, abetted, incited, compelled and/or coerced the unlawful conduct alleged herein, or attempted to do so, in violation of the NYCHRL.

252.     Defendants' conduct, as alleged herein, was carried out with malice or reckless disregard for Plaintiff's protected rights to be free from discrimination.

253.     Defendants are individually and jointly liable for the unlawful conduct herein, including without limitation as an "employer" and "employee" under the NYCHRL and under the "aiding and abetting" provision of the NYCHRL. See, e.g., NYCHRL § 8-107(1) and § 8-107(6).

254.     As a direct and proximate result of Defendants' unlawful and willful conduct, Plaintiff has suffered and continues to suffer injury, with resulting monetary, economic and other damages, including without limitation: (i) lost wages; (ii) lost back pay; (iii) lost benefits; (iv) lost interest; (v) lost pension and retirement earnings; and (vi) attorneys ' fees and costs.

255.     As a further direct and proximate result of each Defendant's unlawful and willful conduct, Plaintiff has suffered and continues to suffer, among other items, impairment and damage to Plaintiff's good name and reputation, emotional distress, mental anguish, emotional pain, and lasting embarrassment and humiliation.

256.     Plaintiff is entitled to recover monetary damages and other damages and relief, including punitive damages, interest, and attorneys' fees and costs from Defendants under the NYCHRL.

**AS FOR THE THIRTEENTH CAUSE OF ACTION**
**FOR DISABILITY RETALIATION UNDER THE CITY LAW**

257.    Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

258.    This Count is brought under the NYCHRL, N.Y.C. Admin. Code § 8-101 et seq., and reference is made to the NYCHRL in its entirety.

259.    Defendants engaged in unlawful employment practices prohibited by the NYCHRL.

260.    Plaintiff complained about Defendants' unlawful misconduct.

261.    Defendants retaliated against Plaintiff's legally protected complaints with misconduct including, but not limited to, encouraging Plaintiff to quit her job due to her medical conditions; giving Plaintiff a questionable performance review after Plaintiff's medical leave(s) and legally protected complaints; locking Plaintiff out of her work computer during her medical leave; and terminating Plaintiff's employment.

262.    Defendants engaged in, caused, perpetrated, committed, authorized, directed, participated in, aided, abetted, incited, compelled and/or coerced the unlawful conduct alleged herein, or attempted to do so, in violation of the NYCHRL.

263.    Defendants' conduct, as alleged herein, was carried out with malice or reckless disregard for Plaintiff's protected rights to be free from discrimination/retaliation.

264.    Defendants are individually and jointly liable for the unlawful conduct herein, including without limitation as an "employer" and "employee" under the NYCHRL and under the "aiding and abetting" provision of the NYCHRL. See, e.g., NYCHRL § 8-107(1) and § 8-107(6).

265.    As a direct and proximate result of Defendants' unlawful and willful conduct, Plaintiff has suffered and continues to suffer injury, with resulting monetary, economic and other

31

damages, including without limitation: (i) lost wages; (ii) lost back pay; (iii) lost benefits; (iv) lost interest; (v) lost pension and retirement earnings; and (vi) attorneys ' fees and costs.

266.    As a further direct and proximate result of each Defendant's unlawful and willful conduct, Plaintiff has suffered and continues to suffer, among other items, impairment and damage to Plaintiff's good name and reputation, emotional distress, mental anguish, emotional pain, and lasting embarrassment and humiliation.

267.    Plaintiff is entitled to recover monetary damages and other damages and relief, including punitive damages, interest, and attorneys' fees and costs from Defendants under the NYCHRL.

## AS FOR THE FOURTEENTH CAUSE OF ACTION
## FOR SEX/GENDER DISCRIMINATION UNDER THE CITY LAW

268.    Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

269.    This Count is brought under the NYCHRL, N.Y.C. Admin. Code § 8-101 et seq., and reference is made to the NYCHRL in its entirety.

270.    Defendants engaged in unlawful employment practices prohibited by the NYCHRL with misconduct including, but not limited to, encouraging Plaintiff to quit her job due to her medical conditions; giving Plaintiff a questionable performance review after Plaintiff's medical leave(s) and legally protected complaints; locking Plaintiff out of her work computer during her medical leave; and terminating Plaintiff's employment.

271.    Defendants engaged in, caused, perpetrated, committed, authorized, directed, participated in, aided, abetted, incited, compelled and/or coerced the unlawful conduct alleged herein, or attempted to do so, in violation of the NYCHRL.

272.     Defendants' conduct, as alleged herein, was carried out with malice or reckless disregard for Plaintiff's protected rights to be free from discrimination.

273.     Defendants are individually and jointly liable for the unlawful conduct herein, including without limitation as an "employer" and "employee" under the NYCHRL and under the "aiding and abetting" provision of the NYCHRL. See, e.g., NYCHRL § 8-107(1) and § 8-107(6).

274.     As a direct and proximate result of Defendants' unlawful and willful conduct, Plaintiff has suffered and continues to suffer injury, with resulting monetary, economic and other damages, including without limitation: (i) lost wages; (ii) lost back pay; (iii) lost benefits; (iv) lost interest; (v) lost pension and retirement earnings; and (vi) attorneys ' fees and costs.

275.     As a further direct and proximate result of each Defendant's unlawful and willful conduct, Plaintiff has suffered and continues to suffer, among other items, impairment and damage to Plaintiff's good name and reputation, emotional distress, mental anguish, emotional pain, and lasting embarrassment and humiliation.

276.     Plaintiff is entitled to recover monetary damages and other damages and relief, including punitive damages, interest, and attorneys' fees and costs from Defendants under the NYCHRL.

## AS FOR THE FIFTEENTH CAUSE OF ACTION
## FOR SEX/GENDER RETALIATION UNDER THE CITY LAW

277.     Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

278.     This Count is brought under the NYCHRL, N.Y.C. Admin. Code § 8-101 et seq., and reference is made to the NYCHRL in its entirety.

279.   Defendants engaged in unlawful employment practices prohibited by the NYCHRL.

280.   Plaintiff complained about Defendants' unlawful misconduct.

281.   Defendants retaliated against Plaintiff's legally protected complaints with misconduct including, but not limited to, encouraging Plaintiff to quit her job due to her medical conditions; giving Plaintiff a questionable performance review after Plaintiff's medical leave(s) and legally protected complaints; locking Plaintiff out of her work computer during her medical leave; and terminating Plaintiff's employment.

282.   Defendants engaged in, caused, perpetrated, committed, authorized, directed, participated in, aided, abetted, incited, compelled and/or coerced the unlawful conduct alleged herein, or attempted to do so, in violation of the NYCHRL.

283.   Defendants' conduct, as alleged herein, was carried out with malice or reckless disregard for Plaintiff's protected rights to be free from discrimination/retaliation.

284.   Defendants are individually and jointly liable for the unlawful conduct herein, including without limitation as an "employer" and "employee" under the NYCHRL and under the "aiding and abetting" provision of the NYCHRL. See, e.g., NYCHRL § 8-107(1) and § 8-107(6).

285.   As a direct and proximate result of Defendants' unlawful and willful conduct, Plaintiff has suffered and continues to suffer injury, with resulting monetary, economic and other damages, including without limitation: (i) lost wages; (ii) lost back pay; (iii) lost benefits; (iv) lost interest; (v) lost pension and retirement earnings; and (vi) attorneys' fees and costs.

286.   As a further direct and proximate result of each Defendant's unlawful and willful conduct, Plaintiff has suffered and continues to suffer, among other items, impairment and

damage to Plaintiff's good name and reputation, emotional distress, mental anguish, emotional pain, and lasting embarrassment and humiliation.

287.     Plaintiff is entitled to recover monetary damages and other damages and relief, including punitive damages, interest, and attorneys' fees and costs from Defendants under the NYCHRL.

**WHEREFORE**, Plaintiff respectfully requests a judgment against the Defendants:

A. Declaring that the Defendants engaged in unlawful employment practices prohibited by the American with Disabilities Act, Title VII, the New York State Human Rights Law, and the New York City Human Rights Law; and that the Defendants discriminated and retaliated against Plaintiff on the basis of disability, sex, gender and the exercise of rights under the FMLA.

B. Declaring that the Defendants intentionally caused Plaintiff to become emotionally distressed;

C. Awarding damages to Plaintiff, retroactive to the date of Plaintiff's employment termination, for all lost wages and benefits, past and future, back pay and front pay, and liquidated damages, resulting from Defendants' unlawful discrimination and retaliation, and to otherwise make Plaintiff whole for any losses suffered as a result of such unlawful employment practices;

D. Awarding Plaintiff compensatory damages for mental and emotional injury, and injury to reputation;

E. Awarding Plaintiff punitive damages under the ADA, Title VII and the NYCHRL;

F. Awarding Plaintiff attorneys' fees, costs, and expenses incurred in the prosecution of the action under the ADA, Title VII and the NYCHRL;

G. Awarding Plaintiff liquidated damages pursuant to the FMLA, 29 U.S.C. 2617(a)(1)(A)(iii);

H. Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy the Defendants' unlawful employment practices.

Dated:   New York, NY
       March 21, 2017

Respectfully submitted,

LAW OFFICES OF LAURIE E. MORRISON

By: _____

Laurie E. Morrison, Esq.
100 Church Street, 8th Floor
New York, New York 10007
(212) 721-4051 (office)
(646) 651-4821 (fax)
morrison@lemorrisonlaw.com
*Attorney for Plaintiff*

**TO:**

YOUNG MEN'S CHRISTIAN ASSOCIATION ("YMCA") OF GREATER NEW YORK
5 West 63rd Street
New York, N.Y. 10023

YMCA
**Via Secretary Of State**
C/O National Registered Agents, Inc.
160 Greentree Dr Ste 101
Dover, De 19904

YMCA HOLDINGS LLC
**Via Secretary Of State**
C/O National Registered Agents, Inc.
160 Greentree Dr Ste 101
Dover, De 19904

LUCRIA ORTIZ
C/O Young Men's Christian Association ("YMCA") of Greater New York (Defendant's Place of Business)
5 West 63rd Street
New York, N.Y. 10023